UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAWN M. CONNER | : | DOCKET NO.  2:07-cv-01044 |
| VS. | : | JUDGE MINALDI |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's Petition for Attorney's Fees and Expenses Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Doc. 14.  This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By judgment dated May 15, 2012, this matter was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).  Doc 13.  The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justifies or that special circumstances make an award unjust.  21 U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of awarding attorney's fees.  *Breaux v. U.S.D.H.H.S.,* 20 F.3d 1324 (5th Cir.1994).  Thus, plaintiff qualifies as a prevailing party.

Plaintiff's attorney seeks fees of $6,675 (44.5 hours at $150.00 per hour) and $14.64 (postage costs) in expenses for a total EAJA award of $6,689.64.  Counsel has submitted

appropriate documentation of time spent on this case. Doc. 14, at 3-6. Further, the Commissioner has not filed any objection to the petition or to the amount requested by counsel.

The hourly rate for EAJA attorney fees is set forth in 28 U.S.C. § 2412(d)(2)(A), which states that reasonable attorneys fees:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorneys fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, counsel has billed attorney's fees at $150.00 per hour. The $125 rate can be exceeded if the court determines that a higher fee is justified by inflation or availability of qualified attorneys for the proceedings. This court finds that this fee is reasonable considering the increase in the cost of living, that it serves to ensure an adequate source of representation in social security cases, and it maintains consistency among the judges in this district.[1]

Accordingly, it is RECOMMENDED that Plaintiff's petition for EAJA fees be granted and that fees be fixed at $6,689.64.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar**

---

[1] *See Williams v Astrue,* 2009 WL 703288, at *2 (W.D.La. Feb. 26, 2009)(setting $150 hourly rate as reasonable for EAJA petitions), *Clifton v. Astrue,* 2011 WL 3022407, (W.D.La. June 13, 2011).

**an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 4th day of July, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE