UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DAWN M. CONNER | : | DOCKET NO. 2:07-cv-01044 |
| VS. | : | JUDGE MINALDI |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's Motion for Attorney's Fees under the Social Security Act. Doc. 18. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By judgment dated May 15, 2012, this matter was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). Doc 13. Under a sentence four remand the court may award attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), if the court finds that government's position in the litigation was not substantially justified. On August 9, 2012, this court granted an unopposed motion for an EAJA award of attorney's fees in the amount of $6,689.64.[1] Doc. 17. Mover asserts that the Social Security Administration has not yet paid the August 9, 2012, award of $6,689.64.

Now before the court is plaintiff's motion for attorney's fees in the amount of $9,724.00 pursuant to 42 U.S.C. § 406(b). In support of the motion, counsel for plaintiff attaches a

---

[1] Plaintiff's attorney sought fees of $6,675 (44.5 hours at $150.00 per hour) and $14.64 (postage costs) in expenses for a total EAJA award of $6,689.64. Plaintiff's counsel submitted appropriate documentation of time spent on the case and the Commissioner did not object to the amount requested by counsel.

contingency fee agreement signed by claimant which allows for "a fee equal to the lesser of 25% percent of any past-due benefits from [the] claim or, if less, the maximum dollar amount allowed pursuant to section 206(a)(2)(A) of the Social Security Act based on the date the SSA approves [the attorney's] fee agreement." Doc. 18, att. 1, p. 1. Mover additionally attaches correspondence from the Social Security Administration indicating that it has withheld $9,724.00 or 25% of the past-due benefits from claimant in order to satisfy a court approved attorney's fee. Doc. 18, att. 3, p. 1-5.

Attorneys representing social security claimants can be awarded fees in two ways. The first type of fee comes through the EAJA which allows a prevailing party to be awarded "fees and other expenses … unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). This is the type of fee previously awarded in this case by judgment entered on August 9, 2012. EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate.

The second type of fee in contingency agreement cases comes out of the claimant's past-due benefits. The Commissioner can award fees under 42 U.S.C § 406(a) for representation in administrative proceedings and the court can award fees under 42 U.S.C § 406(b) for representation in court. *Gisbrecht v. Barnhart,* 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). The Fifth Circuit has held that fees under § 406(a) plus fees under § 406(b) cannot exceed 25% of the past-due benefits. *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.1970).

Where claimant's counsel is awarded both EAJA fees and § 406(b) fees, counsel must refund the amount of the smaller fee to the claimant to avoid unlawfully obtaining double payment for the same representation. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002).

In response to the motion, the Commissioner does not challenge the reasonableness of the fees claimed by counsel. Instead, the Commissioner points out two issues with respect to payment of these fees. First, the Commissioner submits that the judgment awarding fees of 25% of the past-due benefits should make clear that the $9,724.00 is the 25% cap is for both types (§ 406(a) and § 406(b)) of fees combined.

Second, the Commissioner asserts that counsel's proposed disbursement method is improper. Counsel proposes that he be paid the difference between the EAJA fee and the § 406(b) fee and that claimant's children[2] be given a credit for the pending EAJA fee. The Commissioner correctly points out that fees under the EAJA must be paid directly to the claimant and there is no "credit" since the Administration has yet to make the payment to claimant's estate. Further, counsel has not provided any documentation regarding the status of claimant's estate or the legal entitlement to or the existence of eligible heirs.

The Commissioner requests that the court order that upon an award of § 406(b) fees, the court order counsel to refund $6,689.64, the amount of the EAJA fee award to the estate of claimant. We agree with the Commissioner.

Accordingly,

IT IS RECOMMENDED that plaintiff's Motion for Attorney's Fees under the Social Security Act be GRANTED. Attorney's fees under § 406(b) are fixed at 25% of claimant's past-due benefits or $9,724.00, which amount is cumulative of both § 406(a) and § 406(b) fees.

IT IS FURTHER RECOMMENDED that upon receipt of same, counsel refund to the estate of claimant $6,689.64 or the amount of the EAJA fees previously awarded by judgment dated August 9, 2012.

---

[2] Claimant, Dawn M. Conner is now deceased. Counsel proposes that the children of the deceased Heather L. Fontenot, Tricia Conner Mier and Michele W. Conner be awarded a refund of the EAJA fee of $6,689.64.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 9th day of April, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE